## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SMORACY, LLC, a Michigan limited
liability company, and BANDIT INDUSTRIES,
INC., a Michigan corporation,

      Plaintiffs,                    Case No. 14-_____- ___

vs.                                      Hon. _____

KING KONG TOOLS GmbH & CO. AG,
a foreign corporation and KING KONG
TOOLS, LLC, a Georgia limited liability
company, Jointly and Severally,

      Defendants.

_____/

MICHAEL J. BARTON (P34509)
PLUNKETT COONEY
Attorneys for Plaintiffs
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4070

JOSEPH A. PAPARELLA (P64848)
PAPARELLA & ASSOCIATES PC
Attorneys for Plaintiffs
3878 Cascade Rd., SE
Grand Rapids, MI 49516
(616) 949-6055

_____/

## COMPLAINT and JURY DEMAND

There is no other pending or resolved civil action arising
out of the transaction or occurrence alleged in this Complaint.

/s/  Michael J. Barton  (P34509)
_____
Michael J. Barton  (P34509)

NOW COME the Plaintiffs, SMORACY, LLC ("Smoracy"), a Michigan limited liability company, and BANDIT INDUSTRIES, INC. ("Bandit"), a Michigan corporation, by and through their attorneys, Plunkett Cooney, and for their Complaint against the Defendants, KING KONG TOOLS GmbH & CO., AG., a foreign corporation and KING KONG TOOLS, LLC, a Georgia limited liability company, jointly and severally, state as follows:

## JURISDICTION AND VENUE

1.     Plaintiff, Smoracy, LLC, is a Michigan limited liability company with its principal place of business located in Isabella County, Michigan.

2.     Bandit Industries, Inc., is a Michigan corporation with its principal place of business located in Isabella County, Michigan.

3.     King Kong Tools GmbH & Co. AG, is a German corporation conducting business in the United States with its principal place of business located in Buford, Georgia.

4.     King Kong Tools, LLC is a Georgia limited liability company with its principal place of business located in Buford, Georgia.

5.     This is a Complaint for patent infringement pursuant to 35 U.S.C. §271 et. seq.  The court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§1331 and 1338.  This court has personal jurisdiction over Defendants and venue is proper under 28 U.S.C. §1391(b) and (c) for the reason

2

that Defendants have offered for sale and sold parts accused of infringing the patents throughout the country.

6.      This Complaint also asserts claims under the Lanham Act, 15 U.S.C. §1051 et. seq. for Defendants' conduct in violating Plaintiff Bandit's trademarks. This Court has jurisdiction over the claims asserted for violation of the Lanham Act pursuant to 28 U.S.C. §1331 and §1338.   Additionally, the Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367(a) in that the state law claims are so related to the claims or which this Court has original jurisdiction that they form a part of the same case or controversy.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,059,210

7.      Plaintiffs reallege paragraphs 1 through 6 above as if fully set forth at this point.

8.      U.S. Patent No. 6,059,210 was duly issued on May 9, 2000.

9.      Smoracy by virtue of an assignment, is the owner of all rights in the '210 patent, including the right to bring suit for infringement.

10.      Defendants have infringed independent claims 1 and 13 of the '210 patent, as well as all dependent claims of that patent by making and selling all or a substantial portion of non-staple components of the patented invention and actively inducing the combination thereof both inside the United States and outside the United States in violation of 35 U.S.C. §271(b) and §271(f)(1).

11.     Defendants have contributorily infringing claims 1 and 13 of the '210 patent by making and selling a material component of the patented invention knowing it to be especially adapted for infringing use in violation of 35 U.S.C. §271(c) and 35 U.S.C. §271(f)(2).

12.     Defendants have had actual notice of the claims of the '210 patent and have infringed and continue to infringe that patent.

13.     Customers of Defendants have, in fact, used the components manufactured by Defendants to assemble the patented invention.

14.     Defendants' infringement of the '210 patent has been knowing and willful.

15.     Plaintiffs have suffered damages as a result of Defendants' infringement.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,517,020

16.     Plaintiffs reallege paragraphs 1 through 15 above as if fully set forth at this point.

17.     U.S. Patent No. 6,517,020 was duly issued on February 11, 2003.

18.     Plaintiff Smoracy by virtue of an assignment is the owner of all rights in the '020 patent, including the right to bring suit for infringement.

19.     Defendants have infringed independent claims no. 1, 12 and 19 of the '020 patent, and all dependent claims of that patent by actively inducing

infringement in violation of 35 U.S.C. §271(b) by making and selling all or substantial portion of non-staple components of the patented invention and actively inducing the combination thereof both in the United States and outside of the United States in violation of 35 U.S.C. §271(b) and 35 U.S.C. §271(f)(1).

20.    Defendants have contributorily infringed the '020 patent by selling a material component of the patented invention knowing it to be a specially adapted for infringing use in violation of 35 U.S.C. §271(c) and 35 U.S.C. §271(f)(2).

21.    Defendants have engaged in direct infringement of the '020 patent by making, using and/or selling of the patented invention in violation of 35 U.S.C. §271(a).

22.    Defendants have had actual notice of the claims of the '020 patent and have infringed and continue to infringe that patent.

23.    Defendants' infringement of the '020 patent has been knowing and willful.

24.    Customers of Defendants have, in fact, used the components manufactured by Defendants to assemble the patented invention.

25.    Plaintiffs have suffered damages as a result of Defendants' infringement.

## <u>COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,845,931</u>

26.    Plaintiffs reallege paragraphs 1 through 25 above as if fully set forth at this point.

27.    U.S. Patent No. 6,845,931 was duly issued on January 25, 2005.

28.    Plaintiff Smoracy by virtue of an assignment is the owner of all rights in the '931 patent, including the right to bring suit for infringement.

29.    Defendants have infringed independent claims 1 and 11 of the '931 patent and all dependent claims of that patent by actively inducing infringement in violation of 35 U.S.C. §271(b) by selling all or a substantial portion of non-staple components of the patented invention and actively inducing the combination thereof, both in the United States and outside of the United States, in violation of 35 U.S.C. §271(b) and 35 U.S.C. §271(f)(1).

30.    Defendants have contributorily infringed the '931 patent by selling a material component of the patent invention knowing it to be especially adapted for infringing use in violation of 35 U.S.C. §271(c) and 35 U.S.C. §271(f)(2).

31.    Defendants have engaged in direct infringement of the '931 patent by making, using and/or selling of the patented invention in violation of 35 U.S.C. §271(a).

32.    Defendants had actual notice of the claims of the '931 patent and have infringed and continue to infringe that patent.

33.    Defendants' infringement of the '931 patent has been knowing and willful.

34.    Customers of Defendants have, in fact, used the components manufactured by Defendants to assemble the patented invention.

35.    Plaintiffs have suffered damages as a result of Defendants' infringement.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,121,485

36.    Plaintiffs reallege paragraphs 1 through 35 above as if fully set forth at this point.

37.    U.S. Patent No. 7,121,485 was duly issued to him on October 17, 2006.

38.    Smoracy by virtue of an assignment is the owner of all rights in the '485 patent, including the right to bring suit for infringement.

39.    Defendants have infringed independent claims 1, 7, 14 and 15 of the '485 patent and all the dependent claims of that patent by actively inducing an infringement in violation of 35 U.S.C. §271(b) by selling all or a substantial portion of non-staple components of the patented invention, and actively inducing the combination thereof, both in the United States and outside of the United States, in violation of 35 U.S.C. §271(b) and 35 U.S.C. §271(f)(1).

40.     Defendants have contributorily infringed the '485 patent by selling a material component of the patented invention knowing it to be especially adapted for infringing use in violation of 35 U.S.C. §271(c), and §271(f)(2).

41.     Defendants have engaged in direct infringement of the '485 patent by making, using and/or selling of the patented invention in violation of 35 U.S.C. §271(a).

42.     Defendants had actual notice of the claims of the '485 patent and have infringed and are continuing to infringe the '485 patent.

43.     Defendants' infringement of the '485 patent has been knowing and willful.

44.     Customers of Defendants have, in fact, used the components manufactured by Defendants to assemble the patented invention.

45.     Plaintiffs have suffered damages as a result of Defendants' infringement.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to enter a judgment in their favor and against Defendants:

A.     declaring that Defendants have infringed U.S. Patents 6,059,210, 6,517,020, 6,845,931 and 7,121,485;

B.    awarding Plaintiffs damages, pursuant to 35 U.S.C. §284, adequate to compensate Plaintiffs for Defendants' infringing activities together with interest and costs; and

C.    awarding Plaintiffs such other and further relief as the Court may deem just and appropriate including attorney fees pursuant to 35 U.S.C. §285 and injunctive relief precluding future infringement by Defendants, and any other appropriate equitable and legal remedies.

## COUNT V – TRADEMARK INFRINGEMENT

46.    Plaintiffs reallege paragraphs 1 through 45 above as if fully set forth at this point.

47.    Bandit is the owner of the trademark "Bandit" registered by the United States under the Registration No. 3008168.  Bandit is also the owner of the trademark "The Beast" registered by the United States under Registration No. 2120912.

48.    Plaintiff Bandit is in the business of manufacturing and selling various types of waste processing, cutting and wood chipping machines and parts.

49.    Plaintiff Bandit sells its products throughout the United States and, in fact, throughout the world.

50.    Bandit's registered marks "Bandit" and "The Beast" are incontestable pursuant to 15 U.S.C. §1065 and §1115(b).

51.    Notwithstanding Bandit's ownership and use of the "Bandit" and "The Beast" marks, Defendants are using those marks to market competing cutting tools.

52.    Defendants have continued their infringing use of Bandit's marks despite Defendants' actual notice of Bandit's registrations and despite cease and desist letters from Plaintiff Bandit.

53.    Defendants' use of Bandit's marks is without license, approval or consent of Bandit.  As a result, if Defendants are able to continue use of the marks to sell their products, Bandit will be unable to control the nature and quality of the goods and services offered by Defendants under the infringing marks.

54.    Defendants' use of Bandit's marks is likely to cause confusion, cause mistake and deceive as to the affiliation, connection or association of Defendants with Bandit and as to the origin, sponsorship or approval of Defendants' goods by Bandit.

55.    The use of the "Bandit" mark and the "The Beast" mark constitutes trademark infringement under 15 U.S.C. §1114.

56.    Defendants' unlawful actions have caused and will continue to cause Bandit irreparable harm unless enjoined.

57.    Defendants have profited from their unlawful actions and trademark infringement and have been unjustly enriched to the detriment of Bandit.

Defendants' unlawful actions and trademark infringement have cause Bandit monetary damages in an amount to be determined.

## COUNT VI – FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)

58.    Plaintiffs reallege paragraphs 1 through 57 above as if fully set forth at this point.

59.    Defendants' actions in using Bandit's marks is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Bandit or as to the origin, sponsorship or approval of Defendants' goods, services or activities by Bandit.

60.    Defendants' use of Bandit's marks will cause Bandit irreparable harm unless enjoined.

61.    Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Bandit.

62.    Defendants' unlawful actions have caused Bandit monetary damages.

## COUNT VII – DILUTION

63.    Plaintiffs reallege paragraphs 1 through 62 above as if fully set forth at this point.

64.    Bandit's marks are famous and widely recognized by the general public as a designation of source of the goods and services of Bandit and are entitled to protection as famous marks pursuant to 15 U.S.C. §1125(c).

65.   Bandit's marks became famous and widely recognized by the general public of the United States as a designation of source of the goods and services of Bandit prior to Defendants' use of Plaintiff's marks.

66.   Defendants' use of Bandit's marks impairs the distinctiveness of Bandit's marks and has likely caused dilution by the blurring of Bandit's marks.

67.   Defendants' use of Bandit's marks has caused and will continue to cause Plaintiff irreparable harm unless enjoined pursuant to 15 U.S.C. §1125(c).

## COUNT VIII – COMMON LAW INFRINGEMENT

68.   Plaintiffs reallege paragraphs 1 through 67 above as if fully set forth at this point.

69.   Defendants' actions in the use of Bandit's marks constitute willful, deliberate and intentional trademark infringement in violation of the common law of the State of Michigan.

70.   Defendants' unlawful actions have caused and will continue to cause Bandit irreparable harm unless enjoined.

71.   Defendants have been unjustly enriched and have profited from their unlawful actions to the detriment of Bandit.

72.   Defendants' actions and the use of Bandit's marks, have caused Bandit damages.

## COUNT IX – UNFAIR COMPETITION

73.     Plaintiffs reallege paragraphs 1 through 72 above as if fully set forth at this point.

74.     The actions of Defendants described above constituted unfair competition under Michigan common law.

75.     Bandit has suffered damages as a result of Defendants' unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Bandit respectfully requests this Honorable Court:

A.      enter a judgment in favor of Bandit and against Defendants and furthermore that this Court enjoin Defendants and all persons associated with Defendants during the pendency of this action and thereafter permanently from using the "Bandit" and "The Beast" marks or any variation thereof, enjoining Defendants from using "Bandit" and "The Beast" marks and/or any confusingly similar designation to market, advertise or identify products and services not produced or authorized by Bandit;

B.      enjoining Defendants from committing any other act or making any other statement which infringes Bandit's trademarks or constitutes unfair competition under federal law or the common law of the State of Michigan;

C.      requiring Defendants to permanently remove Bandit's marks from Defendants' website and any and all advertising materials of Defendants;

D.      requiring Defendants to deliver up for destruction all materials that in any way contain or use Bandit's trademarks;

E.      requiring Defendants to account for and pay over to Bandit the Defendants' profits incurred through its use of Plaintiff's marks;

F.      to award Plaintiff Bandit all damages it has incurred as a result of Defendants' unlawful actions;

G.      to award Plaintiff Bandit treble damages, attorney fees, costs and expenses pursuant to 15 U.S.C. §1114 and §1117; and

H.    to grant Bandit all such further relief as the Court deems just, equitable and appropriate.

Respectfully submitted,

PLUNKETT COONEY

/s/  Michael J. Barton  (P34509)

_____
MICHAEL J. BARTON (P34509
Attorneys for Plaintiffs
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, Michigan 48304
(248) 901-4070

Dated:  February 26, 2014

## **DEMAND FOR JURY TRIAL**

NOW COME the Plaintiffs, by and through their attorneys, Plunkett Cooney, and hereby demand a trial by jury in the above-entitled matter of all claims so triable.

Respectfully submitted,

PLUNKETT COONEY

/s/  Michael J. Barton  (P34509)

_____
MICHAEL J. BARTON (P34509
Attorneys for Plaintiffs
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, Michigan 48304
(248) 901-4070

Dated:  February 26, 2014
Open.10412.11629.13786639-1